UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AWAD HAMED AL-BANDAR, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | Civil Action No. 06-2209 (RMC) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

## AMENDED ORDER

The following Order replaces and supersedes the Order entered in this action on December 27, 2006 [Dkt. # 3].

Before the Court is Petitioner's Motion for Temporary Restraining Order. A hearing was held in open court on December 27, 2006 at 3:00 p.m., and counsel for both parties appeared and presented arguments to the Court. Upon consideration of the arguments of counsel and the other materials submitted in connection with the instant Motion and Petition, it is hereby

**ORDERED** that Petitioner's Motion for Temporary Restraining Order [Dkt. # 2] is **DENIED**. This Court lacks *habeas corpus* jurisdiction over an Iraqi citizen, convicted by an Iraqi court for violations of Iraqi law, who is held pursuant to that conviction by members of the Multi-National Force–Iraq. *See Hirota v. MacArthur*, 338 U.S. 197 (1948); *Flick v. Johnson*, 174 F.2d 983 (D.C. Cir. 1949). Accordingly, **IT IS FURTHER ORDERED** that Respondents' oral motion to dismiss the petition for lack of jurisdiction is **GRANTED**, and the instant Petition for Writ of Habeas Corpus [Dkt. # 1] is dismissed from the docket of the Court. This is a final appealable order. *See* Fed. R. App. P. 4(a).

**IT IS FURTHER ORDERED**, consistent with Respondents' agreement in open court, that no action shall be taken by Respondents or their subordinates[1] to physically transfer Petitioner to Iraqi custody for the execution of his sentence until counsel for Petitioner can petition the United States Court of Appeals for the District of Columbia Circuit for a stay of the instant Order, which counsel for Petitioner shall do no later than 5:00 p.m. on December 29, 2006.

**SO ORDERED**.

Date:   December 28, 2006

/s/
REGGIE B. WALTON
United States District Judge

---

[1] The Court does not suggest that Respondents have custody of Petitioner. Rather, the Court agrees with Judge Lamberth's analysis in *Mohammed v. Harvey*, 456 F. Supp. 2d 115, 122 (D.D.C. 2006) that Petitioner is either in the actual physical custody of the Multi-National Force–Iraq or in the constructive custody of the Iraqi government.